## ASSUMPCAO *et al.* v. SOLA.

1. The evidence supports the verdict.
2. No error appears in the court's instruction to the jury on the issue of what amount a partner, after dissolution of the partnership, was entitled to recover of his copartners for his interest in the partnership assets, if any.
3. The court having correctly charged the jury on what constituted a

Partnership, 30 Cyc. p. 738, n. 77.
Trial, 38 Cyc. p. 1693, n. 55.

partnership, if fuller instruction were desired it should have been duly requested.

No. 6049. December 16, 1927.

Equitable petition. Before Judge J. H. Thomas. Glynn superior court. April 23, 1927.

*F. M. Scarlett,* for plaintiffs in error.

*J. T. Powell* and *Krauss & Strong,* contra.

Gilbert, J. Joe Sola brought suit against Manuel Assumpcao and Joe Assumpcao, alleging that he was a partner with defendants, and praying for an accounting between partners, injunction, and judgment for such amount as should be found due him. The verdict was in favor of plaintiff for $1000. Defendants moved for a new trial on the general grounds, which they subsequently amended. Two of the amendments merely amplified the general grounds. One complained of a portion of the court's charge and others of the court's failure to give in charge specified matters. The motion being overruled, defendants excepted.

1. The verdict is supported by evidence.

2. The court did not err in charging the jury as follows: "If you should find that there was a copartnership in existence, as alleged by the plaintiff, then the next question would be, the copartnership having been dissolved and a bond having been given to respond to the plaintiff for such amount as he might recover in the case, the next question would be what amount is the plaintiff entitled to recover from the defendants for his interest in the copartnership assets and profits, if any is shown?"

3. The grounds of the motion complaining of failure of the court to give certain matters in charge to the jury are without merit. The court correctly instructed the jury on the law as to what constituted a copartnership; and if the defendants desired fuller instruction, as indicated in their motion for new trial, the same should have been duly requested in writing.

*Judgment affirmed. All the Justices concur.*